Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
BACKGRID USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., <br><br> *Plaintiff*, <br><br> vs. <br><br> ANGELA RENÉE WHITE, p/k/a BLAC CHYNA, and DOES 1 through 10, <br><br> *Defendants*. | Case No.: 2:17-cv-8748 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> *Jury Trial Demanded* |

Plaintiff BackGrid USA, Inc., for its Complaint against Defendant Angela Renée White, professionally known as Blac Chyna, and Does 1 through 10, alleges as follows:

1. This is an action for copyright infringement brought by plaintiff, the holder of the copyright to the photographs described below, against all defendants for uses of plaintiff's photographs without authorization or permission.

**JURISDICTION AND VENUE**

2. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright law of the United States.

3. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), § 1338 (copyright), and 17 U.S.C. § 1203 (alteration or removal of copyright management information).

5. This Court has personal jurisdiction over defendant because, on information and belief, she is a resident of the State of California and this judicial district and, on information and belief, is also doing business in the State of California and in this judicial district.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

## PARTIES

7. Plaintiff BackGrid USA, Inc. is an entity organized and existing under the laws of the state of California with its principal place of business in Redondo Beach, California. Plaintiff is a global premier celebrity news and photo agency that provides the world's top news outlets with real-time content from the world's top photographers.

8. Plaintiff also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty. Plaintiff licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

9. Defendant Angela Renée White is a model, businesswoman, and entrepreneur who is a resident of Los Angeles County. Her business interests include or have included a make-up brand and accessories line, a clothing line, and an online boutique selling her branded products. In 2014, defendant purchased a beauty bar in Encino, Los Angeles, where she offers make-up courses.

10. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed plaintiff's copyrights, have contributed to the infringement of plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged in this Complaint. The true names of defendants 1 through

1  10 are currently unknown to plaintiff, which therefore sues them by fictitious names
2  and will seek leave to amend this Complaint to show their true names and capacities
3  when that has been ascertained.

4      11.    Plaintiff is informed and believes and on that basis alleges that at all
5  relevant times each of the defendants was the agent, affiliate, officer, director,
6  manager, principal, alter ego, and/or employee of the remaining defendants and was
7  at all times acting within the scope of such relationship, or actively participated in or
8  subsequently ratified and adopted each of the acts alleged, with full knowledge of all
9  the facts and circumstances, including but not limited to, full knowledge of each and
10 every violation of plaintiff's rights and damages to plaintiff proximately caused by
11 such violation.

## BACKGROUND FACTS

13     12.    Plaintiff is the owner and copyright holder of photographic images (the
14 "Photographs") as follows:

15     a. Images that are part of a series of photos depicting defendant with
16         acquaintances outside of popular Hollywood nightclub Nightingale
17         Plaza (the "Nightingale Images");
18     b. Images that are part of a series of photos depicting defendant in an
19         office-building parking lot with an acquaintance (the "Parking Lot
20         Images").

21     13.    Complete applications, fees, and deposits for copyright registrations of
22 the Photographs have been submitted to and received by the Copyright Office in
23 compliance with the Copyright Act. A copy of the applications are attached as
24 Exhibit A.

25     14.    The Nightingale Images were created by author Julio Toledo and
26 licensed for limited use to the pop-culture multi-media entertainment group Just
27 Jared, which published some of them to its website JustJared.com on September 13,
28

3

COMPLAINT

2017. The Photographs published by JustJared.com contained copyright management information ("CMI") embedded in the metadata of the images.

15. The Parking Lot Images were created by author Fabio Martins and licensed for limited use to The Daily Mail, which published some of them to its website www.dailymail.co.uk on October 25, 2017. The Photographs published by The Daily Mail contained CMI in the form of a watermark in the bottom left corner that stated "© FANA / VM / BACKGRID."

16. Plaintiff never licensed any of the Photographs to defendants. Nevertheless, defendants have used, and continue to use, the Photographs without authorization or permission from plaintiff to do so.

17. Specifically, White copied two of the Nightingale Images and distributed them on Instagram on or about September 13, 2017.

18. In addition, White copied at least one of the Parking Lot Images and distributed it on Instagram on or about October 27, 2017.

19. The copy of the Photographs that White distributed on Instagram had been altered to remove the CMI showing plaintiff as the copyright owner of the images.

20. As of the filing of this Complaint, at least some of the Photographs were still accessible on White's Instagram feed.

21. The Photographs are highly creative, distinctive, and valuable. Because of White's celebrity status, and the Photographs' quality and visual appeal, plaintiff (and the photographer it represents) stood to gain licensing revenue from licensing the Photographs.

22. But defendants' unauthorized use harms the existing and future market for the original Photographs. White's Instagram post made the Photographs immediately available to her 13.5 million followers and other consumers of entertainment news—especially news and images of White herself, as evidenced by their status as followers of White—who would otherwise be interested in viewing

1 licensed versions of the Photographs in the magazines and newspapers that are
2 plaintiff's customers.

3      23.    In addition, defendants' unauthorized use is commercial in nature. White
4 uses her Instagram feed for the purposes of promotion—specifically, to promote her
5 business interests, products, and ventures; to promote and sell the products and
6 services of others; to maintain and increase her visibility and desirability as an
7 endorser, actor, model, and entertainment personality; and to promote her persona
8 and celebrity status. In short, every one of White's Instagram posts is fundamentally
9 promoting something to her 67 million followers.

10      24.    In addition, White's Instagram post of one of the Parking Lot Images
11 expressly promoted clothing brand Fashion Nova. On information and belief, White
12 is a paid endorser of Fashion Nova and therefore received compensation for her
13 Instagram post that promoted the brand.

14      25.    At the time that defendants copied and distributed the Photographs, they
15 knew or should have known that they did not have authorization or permission to do
16 so.

17      26.    Defendants did not disclose their unauthorized uses of the Photographs
18 to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of
19 defendants' authorized uses, their infringements would still be concealed.

## CLAIM ONE

**(For Copyright Infringement – Against All Defendants)**

22      27.    Plaintiff realleges and incorporates by reference the allegations
23 contained in the preceding paragraphs of this Complaint as if fully set forth here.

24      28.    The foregoing acts of defendants constitute infringement of plaintiff's
25 copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

26      29.    Plaintiff suffered damages as a result of defendants' unauthorized use of
27 the Photographs.

28

30. Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)

31. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

32. Plaintiff is informed and believes and on that basis alleges that defendants knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Photographs.

33. Defendants, and each of them, are vicariously liable for the infringement alleged above because, on information and belief, they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

34. By reason of each of the defendants' acts of contributory and vicarious infringement as alleged above, plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35. Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000

1 | per infringement. Within the time permitted by law, plaintiff will make its election
2 | between actual damages and statutory damages.

## CLAIM THREE

## (For Alteration of Copyright Management Information in Violation of 17 U.S.C. 1202 – Against All Defendants)

36. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

37. On information and belief, defendants, or someone working on their behalf, removed CMI from the Photographs without authorization of plaintiff or the law and then distributed the Photographs, with the CMI removed, without the authorization of plaintiff or the law.

38. On information and belief, defendants' removal of the CMI from the Photographs was intentional, and defendants' distribution of the Photographs was with knowledge that the CMI had been removed without authorization.

39. Defendants' actions alleged above constitute a violation of 17 U.S.C. § 1202.

40. Plaintiff has suffered damages as a result of defendants' violation of 17 U.S.C. § 1202.

41. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

B. For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

7
COMPLAINT

C. Under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of plaintiff's Photographs or, where applicable and at plaintiff's election, statutory damages;

E. Under 17 U.S.C. § 1203, for actual damages for the unauthorized alteration or removal of copyright information or, where applicable and at plaintiff's election, statutory damages of not less than $2,500 or more than $25,000.

F. For an award of pre-judgment interest as allowed by law;

G. For reasonable attorney fees;

H. For court costs, expert witness fees, and all other costs authorized under law;

I. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: December 4, 2017 Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By: /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Defendant
BACKGRID USA, INC.